IN THE UNITES STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
APR 3 0 2008 TC
Apr 30 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| TINA HAUPTMAN | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LUNAN CORPORATION and | ) | |
| LUNAN CORPORATION – ARBY'S | ) | 08CV2467 |
| | ) | JUDGE CONLON |
| Defendants. | ) | MAG. JUDGE NOLAN |

## COMPLAINT

The Plaintiff, Tina Hauptman complains again Lunan Corporation as follows:

1. Plaintiff was, at all relevant times, a resident of the State of Illinois residing in DuPage County, Illinois.

2. Defendant Lunan Corporation is an Illinois corporation with a principal place of business in the City of Chicago, Illinois.

3. Venue is proper in this judicial district because all of the acts complained of took place within this judicial district.

4. This is a complaint for damages and injunctive relief against the Defendants brought under the Family Medical Leave Act of 1993, 29 USC § 2601 et. seq.; the Equal Pay Act, 29 USC § 206; and under the supplemental claim Illinois common-law for Retaliatory Discharge.

5. This Court has jurisdiction over the claims and the parties under 28 USC § 1331, the Family Medical Leave Act, 29 USC § 2601 et. seq., the Equal Pay Act, 29 U.S.C. § 206 and under the Court's supplemental jurisdiction under 28 U.S.C. § 1338.

6. Plaintiff was hired by Defendant Lunan Corporation in June 1997. In December 2004, defendant advised plaintiff she was being promoted to the position of manager. From January 2005 on, the Plaintiff worked as a manager of the Arby's Restaurant owned by Lunan Corporation in West Chicago at or near the intersection of North Avenue and Route 59.

7. At all relevant times, Lunan Corporation employed more than 700 employees at its various business locations.

8. In approximately January 2007, the Plaintiff was injured while at work.

9. Plaintiff filed a timely notice of injury and provided it to her employer indicating that she had been injured while at work.

10. On or about April 16, 2007, Plaintiff advised her supervisor (Delisio) that she would need surgery as a result of the injuries she sustained while at work.

11. On April 27, 2007, Delisio met with the Plaintiff at her store location to discuss a variety of matters. At that time, the Plaintiff advised her supervisor that she was planning to have surgery in mid-June.

12. At that time, Plaintiff expressed concern for her job security and was reassured by her supervisor that she should not worry and that there was nothing in the works regarding her job or employment status.

13. Thereafter, on or about May 1, 2007, the Plaintiff advised Delisio that her surgery had been scheduled for June 13, 2007.

14. The following day, on May 2, 2007, Plaintiff attended a training course and had the occasion to speak with the Director of Operations, Greg Passini, who informed Plaintiff that he had heard from the Human Resources Department that she was going to have surgery.

15. Plaintiff advised Passini that her doctor had informed her that she would be able to return to light duty for paperwork within two weeks following the surgery and within four to six weeks she would be able to return to work on light duty.

16. Plaintiff also advised Passini that she would be able to return to full duty within approximately 8 weeks.

17. Less than one week later, on May 8, 2007 the Plaintiff was contacted by Delisio and instructed to meet him at 2:00 p.m. at the St. Charles restaurant location.

18. On May 8, 2007 Defendant terminated Plaintiff.

19. Prior to the time of Plaintiff's termination, Plaintiff had filed a workers compensation claim under the Illinois Workers Compensation Act and had advised her employer through the First Report of Injury and through subsequent conversations that she was exercising her rights under the Illinois

Workers Compensation Act and that she would be having surgery for her work related injury.

## COUNT I
## FAMILY MEDICAL LEAVE ACT

20. The Plaintiff readopts and re-alleges all the preceding paragraphs as paragraph 20 of Count 1.

21. The Defendant failed to reinstate the Plaintiff to the same or equivalent position in violation to the Family Medical Leave Act (FMLA).

22. The Defendant interfered with, restrained and denied Plaintiff's lawful exercise of her rights under the FMLA.

23. The Defendant failed to advise the Plaintiff of her rights under the Family Medical Leave Act and, upon hearing that she was going to take time off, refused to allow the Plaintiff to exercise her rights under the Family Medical Leave Act.

24. Defendants refused plaintiff the leave to which she was entitled under the FMLA.

25. As a direct and proximate result of the Defendant's violations of the Family Medical Leave Act, the Plaintiff has suffered damages including lost wages, salary, benefits and other forms of injuries including anxiety, humiliation and emotional distress.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court

a. Enter judgment in her favor against the defendant, personally, for her violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq;

4

b. Award the plaintiff actual damages suffered, including lost wages, salary, employment benefits and other compensation;

c. Award the plaintiff prejudgment interest on her damage award;

d. Award the plaintiff reasonable costs and attorneys fees;

e. Order the defendant to reinstate the plaintiff to the same or equivalent position;

f. Award the plaintiff punitive damages.

g. Grant the plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II
## EQUAL PAY ACT

26. The Plaintiff adopts and re-alleges all the preceding paragraphs as paragraph.

27. The Plaintiff was an "employee" within the meaning of the Equal Pay Act.

28. The Defendant was an "enterprise" within the meaning of the Equal Pay Act.

29. During the course of her employment, and in particular during the last three years of her employment, the Defendants failed to provide Plaintiff with the same compensation as males who held comparable positions and performed comparable duties.

30. During the course of her employment, Plaintiff was denied an opportunity to participate in Defendant's 401K plan and the mutual fund stock

purchase plan even though male employees who performed similar duties and held comparable positions were permitted to participate in such plans.

31. The Defendants willfully violated the Equal Pay Act.

32. As a direct and proximate result of the Defendant's willful violation of the Equal Pay Act, Plaintiff was deprived of an opportunity to obtain equal compensation for equal work and has suffered damages including the loss of wages, salary, benefits and other compensation.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court

a. Enter judgment in her favor against the defendant, personally, for her violations of the Equal Pay Act, 29 U.S.C. § 206 et seq;

b. Award the Plaintiff actual damages suffered, including lost wages, salary, employment benefits and other compensation;

c. Award the Plaintiff prejudgment interest on her damage award;

d. Award the Plaintiff reasonable costs and attorneys fees;

e. Order the Defendant to reinstate the Plaintiff to the same or equivalent position;

f. Award the Plaintiff liquidated damages.

g. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III
## RETALIATORY DISCHARGE

33. The Plaintiff adopts and re-alleges all the preceding paragraphs as paragraph 33 of the complaint.

34.　　By pursuing her rights under the Illinois Workers Compensation Act, and or the FMLA, Plaintiff engaged in a protected activity.

35.　　Defendants retaliated against Plaintiff for her exercise of her rights under the Family Medical Leave Act and under the Illinois Workers Compensation Act by terminating her for having suffering an on the job injury, for having exercised her rights under the Family Medical Leave Act and/or for having exercised her rights under the Illinois Workers Compensation Act.

36.　　Defendants termination of Plaintiff violates Illinois public policy.

37.　　Plaintiff was entitled to return to her position from which she was wrongfully terminated.

WHEREFORE, for the foregoing reasons, Hauptman respectfully requests that this Court enter judgment in her favor and against the Defendant, Lunan Corporation, and:

   a. Award Hauptman her back pay and present and future lost wages and benefits;
   b. Award compensatory damages;
   c. Award punitive damages;
   d. Reinstate Hauptman to her former position; and
   e. Award such other relief as the Court deems proper and just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,
HUNT & ASSOCIATES, P.C.

By: Keith L. Hunt
An Attorney for the Plaintiff

Keith L. Hunt
Hunt & Associates, P.C.
Three First National Plaza
Suite 2100
Chicago, Illinois 60602
312-558-1300
khunt@huntassoclaw.com