IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TINA HAUPTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 2467 |
| ) | |
| LUNAN CORPORATION and ) | Judge Conlon |
| LUNAN CORPORATION – ARBY'S ) | |
| ) | Magistrate Judge Nolan |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Lunan Corporation ("Lunan"), by and through its undersigned attorney, for its answer and affirmative defenses to Plaintiff's Complaint, states as follows:

1. Plaintiff was, at all relevant times, a resident of the State of Illinois residing in DuPage County, Illinois.

   **ANSWER:** Lunan lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny those allegations.

2. Defendant Lunan Corporation is an Illinois corporation with a principal place of business in the City of Chicago, Illinois.

   **ANSWER:** Lunan admits the allegations of this paragraph.

3. Venue is proper in this judicial district because all of the acts complained of took place within this judicial district.

   **ANSWER:** Lunan admits that venue is proper in this Judicial District, but denies that it has engaged in any wrongful or unlawful acts toward Plaintiff.

4. This is a complaint for damages and injunctive relief against the Defendants brought under the Family Medical Leave Act of 1993, 29 USC § 2601 et seq.; the Equal Pay Act, 29 USC § 206; and under the supplemental claim Illinois common-law for Retaliatory Discharge.

**ANSWER:** Lunan admits the allegations of this paragraph, except that it denies that it has engaged in any wrongful or unlawful acts toward Plaintiff.

5. This Court has jurisdiction over the claims and the parties under 28 USC § 1331, the Family Medical Leave Act, 29 USC § 2601 et. seq., the Equal Pay Act, 29 U.S.C. § 206 and under the Court's supplemental jurisdiction under 28 U.S.C. § 1338.

**ANSWER:** Lunan admits that this Court has federal-question jurisdiction over Plaintiff's FMLA and Equal Pay Act claims, but denies that the Court has supplemental jurisdiction over Plaintiff's Illinois common law retaliatory discharge claim under 28 U.S.C. §1338 and that Plaintiff was subjected to any wrongful or unlawful acts by Lunan.

6. Plaintiff was hired by Defendant Lunan Corporation in June 1997. In December 2004, defendant advised plaintiff she was being promoted to the position of manager. From January 2005 on, the Plaintiff worked as a manager of the Arby's Restaurant owned by Lunan Corporation in West Chicago at or near the intersection of North Avenue and Route 59.

**ANSWER:** Lunan admits that it hired Plaintiff in June 1998, and that, in December of 2004, Plaintiff was promoted to the position of manager of the West Chicago store, which is near the intersection of North Avenue and Route 59. Lunan denies the remaining allegations of this paragraph.

7. At all relevant times, Lunan Corporation employed more than 700 employees at its various business locations.

**ANSWER:** Lunan denies the allegations of this paragraph.

8. In approximately January 2007, the Plaintiff was injured while at work.

**ANSWER:** Lunan denies the allegations of this paragraph.

9. Plaintiff filed a timely notice of injury and provided it to her employer indicating that she had been injured while at work.

**ANSWER:** Lunan denies the allegations of this paragraph.

10. On or about April 16, 1007, Plaintiff advised her supervisor (Delisio) that she would need surgery as a result of the injuries she sustained while at work.

  **ANSWER:** Lunan denies the allegations of this paragraph, except that it admits that, at some point prior to the termination of Plaintiff's employment, Plaintiff told Joe Delisio that she was going to have surgery on her foot.

11. On April 27, 2007, Delisio met with the Plaintiff at her store location to discuss a variety of matters. At that time, the Plaintiff advised her supervisor that she was planning to have surgery in mid-June.

  **ANSWER:** Lunan denies the allegations of this paragraph, except that it admits that, at some point prior to the termination of Plaintiff's employment, Plaintiff, while at the West Chicago store, told Joe Delisio that she was going to have surgery on her foot.

12. At that time, Plaintiff expressed concern for her job security and was reassured by her supervisor that she should not worry and that there was nothing in the works regarding her job or employment status.

  **ANSWER:** Lunan denies the allegations of this paragraph.

13. Thereafter, on or about May 1, 2007, the Plaintiff advised Delisio that her surgery had been scheduled for June 13, 2007.

  **ANSWER:** Lunan admits that, at some point prior to the termination of Plaintiff's employment, Plaintiff told Joe Delisio that she was going to have surgery on her foot. Lunan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies those allegations.

14. The following day, on May 2, 2007, Plaintiff attended a training course and had the occasion to speak with the Director of Operations, Greg Passini, who informed Plaintiff that he had heard from the Human Resources Department that she was going to have surgery.

  **ANSWER:** Lunan admits the allegations of this paragraph, except that Lunan denies that Gregg Passini "informed Plaintiff that he had heard from the Human Resources Department that Plaintiff was going to have surgery."

15. Plaintiff advised Passini that her doctor had informed her that she would be able to return to light duty for paperwork within two weeks following the surgery and within four to six weeks she would be able to return to work on light duty.

ANSWER: Lunan admits that Plaintiff spoke to Mr. Passini about her physical condition. Lunan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore those allegations.

16. Plaintiff also advised Passini that she would be able to return to full duty within approximately 8 weeks.

ANSWER: Lunan admits that Plaintiff spoke to Mr. Passini about her physical condition. Lunan lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore those allegations.

17. Less than one week later, on May 8, 2007 the Plaintiff was contacted by Delisio and instructed to meet him at 2:00 p.m. at the St. Charles restaurant location.

ANSWER: Lunan admits that, in early May of 2008, Mr. Delisio called Plaintiff and asked her to meet him at the St. Charles store. Lunan lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date on which Mr. Delisio made that call to Plaintiff or regarding the time he asked her to meet with him, and therefore those allegations, and denies these and any remaining allegations of this paragraph.

18. On May 8, 2007 Defendant terminated Plaintiff.

ANSWER: Lunan admits the allegations of this paragraph.

19. Prior to the time of Plaintiff's termination, Plaintiff had filed a workers compensation claim under the Illinois Workers Compensation Act and had advised her employer through the First Report of Injury and through subsequent conversations that she was exercising her rights under the Illinois Workers Compensation Act and that she would be having surgery for her work related injury.

ANSWER: Lunan denies the allegations of this paragraph.

## COUNT I
## FAMILY MEDICAL LEAVE ACT

20. The Plaintiff readopts and re-alleges all the preceding paragraphs as paragraph 20 of Count I.

<u>ANSWER:</u> Lunan adopts its answers to paragraphs 1 through 19 as its answer to this paragraph.

21. The Defendant failed to reinstate the Plaintiff to the same or equivalent position in violation to the Family Medical Leave Act (FMLA).

<u>ANSWER:</u> Lunan denies the allegations of this paragraph.

22. The Defendant interfered with, restrained and denied Plaintiff's lawful exercise of her rights under the FMLA.

<u>ANSWER:</u> Lunan denies the allegations of this paragraph.

23. The Defendant failed to advise the Plaintiff of her rights under the Family Medical Leave Act and, upon hearing that she was going to take time off, refused to allow the Plaintiff to exercise her rights under the Family Medical Leave Act.

<u>ANSWER:</u> Lunan denies the allegations of this paragraph.

24. Defendants refused plaintiff the leave to which she was entitled under the FMLA.

<u>ANSWER:</u> Lunan denies the allegations of this paragraph.

25. As a direct and proximate result of the Defendant's violations of the Family Medical Leave Act, the Plaintiff has suffered damages including lost wages, salary, benefits and other forms of injuries including anxiety, humiliation and emotional distress.

<u>ANSWER:</u> Lunan denies the allegations of this paragraph.

WHEREFORE, defendant Lunan Corporation respectfully requests that this Court enter judgment in its favor and against Plaintiff, and that it be awarded its costs of defense and such other and further relief as this Court deems just and appropriate.

## COUNT II
## EQUAL PAY ACT

26. The Plaintiff adopts and re-alleges all the preceding paragraphs as paragraph 26 of the complaint.

    **ANSWER:** Lunan adopts its answers to paragraphs 1 through 25 as its answer to this paragraph.

27. The Plaintiff was an "employee" within the meaning of the Equal Pay Act.

    **ANSWER:** Lunan admits the allegations of this paragraph.

28. The Defendant was an "enterprise" within the meaning of the Equal Pay Act.

    **ANSWER:** Lunan denies the allegations of this paragraph.

29. During the course of her employment, and in particular during the last three years of her employment, the Defendants failed to provide Plaintiff with the same compensation as males who held comparable positions and performed comparable duties.

    **ANSWER:** Lunan denies the allegations of this paragraph.

30. During the course of her employment, Plaintiff was denied an opportunity to participate in Defendant's 401K plan and the mutual fund stock purchase plan even though male employees who performed similar duties and held comparable positions were permitted to participate in such plans.

    **ANSWER:** Lunan denies the allegations of this paragraph.

31. The Defendants willfully violated the Equal Pay Act.

    **ANSWER:** Lunan denies the allegations of this paragraph.

32. As a direct and proximate result of Defendant's willful violation of the Equal Pay Act, Plaintiff was deprived of an opportunity to obtain equal compensation for equal work and has suffered damages including the loss of wages, salary, benefits and other compensation.

    **ANSWER:** Lunan denies the allegations of this paragraph.

WHEREFORE, defendant Lunan Corporation respectfully requests that this Court enter judgment in its favor and against Plaintiff, and that it be awarded its costs of defense and such other and further relief as this Court deems just and appropriate.

## COUNT III
## RETALIATORY DISCHARGE

33. The Plaintiff adopts and re-alleges all the preceding paragraphs as paragraph 33 of the complaint.

    **ANSWER:** Lunan adopts its answers to paragraphs 1 through 32 as its answer to this paragraph.

34. By pursuing her rights under the Illinois Workers Compensation Act, and or the FMLA, Plaintiff engaged in a protected activity.

    **ANSWER:** Lunan denies the allegations of this paragraph.

35. Defendants retaliated against Plaintiff for her exercise of her rights under the Family Medical Leave Act and under the Illinois Workers Compensation Act by terminating her for having suffering [sic] an on the job injury, for having exercised her rights under the Family Medical Leave Act and/or for having exercised her rights under the Illinois Workers Compensation Act.

    **ANSWER:** Lunan denies the allegations of this paragraph.

36. Defendants [sic] termination of Plaintiff violates Illinois public policy.

    **ANSWER:** Lunan denies the allegations of this paragraph.

37. Plaintiff was entitled to return to her position from which she was wrongfully terminated.

    **ANSWER:** Lunan denies the allegations of this paragraph.

WHEREFORE, defendant Lunan Corporation respectfully requests that this Court enter judgment in its favor and against Plaintiff, and that it be awarded its costs of defense and such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Even if Plaintiff was paid less than male employees for substantially equal work, any such difference was based upon: (a) a merit system; and/or (b) factors other than Plaintiff's sex, including but not limited to Plaintiff's lack of performance as store manager and/or her experience with Lunan. Accordingly, Plaintiff was not subjected to unlawful discrimination under the Equal Pay Act.

2. Plaintiff's claim under the Equal Pay Act is barred, at least in part, by the applicable statute of limitations.

3. Even if Plaintiff had been subjected to a wrongful act as alleged in her complaint, upon information and belief, she has failed to take reasonable steps to reduce any damages and losses resulting from such alleged wrongful act; that is, Plaintiff might have obtained comparable employment if she had taken reasonable steps to do so. Accordingly, any damages or losses to which Plaintiff might otherwise be entitled must be reduced by the amount she would have earned if she had taken such reasonable steps and obtained such comparable employment.

Respectfully submitted,

_____
William M. Walsh
Attorney for Lunan Corporation
53 West Jackson Blvd., Suite 224
Chicago, Illinois 60604
(312) 362-9190 (P)
walshlaw45@msn.com

## CERTIFICATE OF SERVICE

The undersigned attorney states that, on June 25, 2008, he caused a true and correct copy of the foregoing "Answer and Affirmative Defenses to Complaint" to be e-filed with the United States District Court for the Northern District of Illinois and to be served upon the following person via e-filing notification:

    Mr. Keith L. Hunt
    Hunt & Associates, P.C.
    Attorneys for Plaintiff
    Three First National Plaza, Suite 2100
    Chicago, Illinois  60602

_/s/ William M. Walsh_